# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRIS WATKINS, ERIC DAY, GLOBAL LEASE GROUP INC., PRUDHVI SAMUDRALA, WILLIAM WILSON, KAREN KYUTUKYAN, RAJEEV TALREJA, GIORGIO PETRUZZIELLO, DREW TALREJA, KRIS NATHAN, EDUARD CHENETTE, WALID YASSIR, and VARSHA LUTHRA, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>    v.<br><br>ELON R. MUSK, individually and in his capacity as Trustee of the ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003,<br><br>*Defendants.* | Civil Action No. 1:24-cv-11384-PBS<br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANT ELON R. MUSK IN HIS CAPACITY AS TRUSTEE OF THE ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ..........................................................................................................................1

BACKGROUND ..........................................................................................................................1

I.     THE COURT SHOULD DISMISS ALL CLAIMS AGAINST MUSK TRUST
FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(2) ..........2

     A.     The Court Lacks General Jurisdiction Over Musk Trust.........................................3

     B.     The Court Also Lacks Specific Jurisdiction Over Musk Trust...............................4

          1.     Plaintiffs Cannot Meet the Requirements of the Massachusetts
Long Arm Statute.........................................................................................4

          2.     Plaintiffs Cannot Meet the Requirements of the Due Process
Clause..........................................................................................................5

II.     THE COURT SHOULD DISMISS ANY REMAINING CLAIMS AGAINST
DEFENDANT MUSK TRUST UNDER RULE 12(B)(6) ................................................7

     A.     Plaintiffs Have Failed to Allege Any Plausible Claim Against Musk Trust ..........8

CONCLUSION.............................................................................................................................11

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*A Corp. v. All Am. Plumbing, Inc.*,
    812 F.3d 54 (1st Cir. 2016)...................................................................................4, 5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................11

*Beck v. Vision Serv. Plan Ins. Co.*,
    600 F. Supp. 3d 145 (D. Mass. 2021) ..............................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................7, 10

*BRT Mgmt., LLC v. Malden Storage, LLC*,
    2023 WL 8719961 (D. Mass. Dec. 18, 2023) ..................................................4

*In re Citigroup, Inc.*,
    535 F.3d 45 (1st Cir. 2008)...............................................................................7

*D'Agostino v. ev3, Inc.*,
    845 F.3d 1 (1st Cir. 2016).................................................................................8

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*,
    290 F.3d 42 (1st Cir. 2002)...........................................................................2, 3

*Get in Shape Franchise, Inc. v. TFL Fishers, LLC*,
    167 F. Supp. 3d 173 (D. Mass. 2016) ..............................................................6

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
    564 U.S. 915 (2011)..........................................................................................3

*Hanson v. Denckla*,
    357 U.S. 235 (1958)..........................................................................................6

*Int'l Shoe Co. v. Wash.*,
    326 U.S. 310 (1945)..........................................................................................3

*Maldonado v. Fontanes*,
    568 F.3d 263 (1st Cir. 2009).............................................................................7

*Metro. Prop. & Cas. Ins. Co. v. Savin Hill Family Chiropractic*,
    2016 WL 11004383 (D. Mass. June 15, 2016) ................................................9

*Mulder v. Kohl's Dep't Stores, Inc.*,
    865 F.3d 17 (1st Cir. 2017)..................................................................................9

*N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale*,
    567 F.3d 8 (1st Cir. 2009)..............................................................................8, 9

*Phillips v. Prairie Eye Ctr.*,
    530 F.3d 22 (1st Cir. 2008)..........................................................................2, 3

*Platten v. HG Bermuda Exempted Ltd.*,
    437 F.3d 118 (1st Cir. 2006).............................................................................3

*Rhone v. Energy N., Inc.*,
    790 F. Supp. 353 (D. Mass. 1991).................................................................9, 10

*Sawtelle v. Farrell*,
    70 F.3d 1381 (1st Cir. 1995).............................................................................6

*Steego Corp. v. Ravenal*,
    830 F. Supp. 42 (D. Mass. 1993)...................................................................3, 6

*United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*,
    960 F.2d 1080 (1st Cir. 1992)...........................................................................7

## Statutes

Fla. Stat. § 501.203(8)..................................................................................................10

Fla. Stat. § 501.204(1)....................................................................................................8

Ill. Comp. Stat. 505/1(f)..............................................................................................10

Ill. Comp. Stat. 505/2....................................................................................................8

Ky. Rev. Stat. § 367.110(2) .........................................................................................10

Ky. Rev. Stat. § 367.170(1) ...........................................................................................8

M.G.L. c. 93A, § 1(b) ...................................................................................................10

M.G.L. c. 93A, § 2(a) .....................................................................................................8

M.G.L. c. 223A § 3(a-e) ................................................................................................5

Me. Rev. Stat. tit. 5, § 206(3).......................................................................................10

Me. Rev. Stat. tit. 5, § 207 ............................................................................................8

Mich. Comp. Laws § 445.902(1)(g) ..................................................................................10

Mich. Comp. Laws § 445.903(1) ......................................................................................9

N.H. Rev. Stat. § 358-A:1(II) ...........................................................................................10

N.H. Rev. Stat. § 358-A:2 ................................................................................................8

N.J. Stat. § 56:8-1(c) .......................................................................................................10

N.J. Stat. § 56:8-2 ............................................................................................................9

N.Y. Gen. Bus. Law § 349(a) ...........................................................................................8

N.Y. Gen. Bus. Law § 350 ...............................................................................................8

Pa. Stat. § 201-2(3) ..........................................................................................................10

Pa. Stat. § 201-3(a) ..........................................................................................................8

Wash. Rev. Code § 19.86.010(2) .....................................................................................10

Wash. Rev. Code § 19.86.020 ..........................................................................................8

## Rules

Fed. R. Civ. P. 8(a) ..........................................................................................................7

Fed. R. Civ. P. 9(b) ..........................................................................................................8

Fed. R. Civ. P. 12(b)(2)........................................................................................1, 2, 11

Fed. R. Civ. P. 12(b)(6)......................................................................................1, 7, 11

Fed. R. Civ. P. 11 .............................................................................................................11

## Other Authorities

Restatement (Third) of Trusts § 105 (2012) ....................................................................4

Plaintiffs bring class action claims against Tesla, Inc.'s ("Tesla") CEO, Elon Musk ("Musk"), for purported misrepresentations and deceptive acts relating to the EPA-approved driving range estimates of Tesla vehicles.  Such claims are spurious and vexatious in and of themselves.  As set forth in other briefing filed concurrently herewith, the claims are preempted by federal law and have only been filed against Musk in a futile attempt to avoid mandatory arbitration of Plaintiffs' claims.

As if that wasn't bad enough, Plaintiffs here have taken the additional, frivolous step of filing unmeritorious claims—***with no supporting allegations whatsoever***—against Musk in his capacity as trustee of an entity that has ***nothing*** to do with manufacturing, advertising, or selling Tesla vehicles:  the Elon Musk Revocable Trust Dated July 22, 2003 ("Musk Trust").  Even though they have now had the opportunity to file an Amended Complaint, Plaintiffs still have no good faith basis to bring claims against Musk Trust.  They do not allege a single thing that would allow this Court to exercise personal jurisdiction over Musk Trust, much less state a claim against it.  Plaintiffs' have brought these claims to harass Musk personally and the Court should dismiss the claims against this entity pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

## BACKGROUND

In this action, Plaintiffs bring suit against Musk in connection with alleged scattered statements from Musk and Tesla about estimated vehicle driving ranges and the ranges estimated in Tesla in-vehicle displays.  *E.g.*, Am. Compl. ¶¶ 1, 48-55, 57-68, 78-87 (Dkt. No. 40).  As noted above and in motions filed concurrently herewith, Plaintiffs' claims about driving ranges are subject to mandatory arbitration under Tesla's arbitration agreements with Plaintiffs.  And, even if they were not, they are preempted by federal law and otherwise fail on their merits and under Article III for numerous independent reasons.

1

Not content to simply sue Musk with their specious claims, Plaintiffs attempt to drag Musk Trust into this litigation by naming Musk in his capacity as its trustee.  But Plaintiffs' Amended Complaint is utterly bereft of basic jurisdictional or claim-related factual allegations against Musk Trust and/or Musk in his capacity as its trustee.  These allegations are missing because they do not exist.  The Court does not have personal jurisdiction over Musk Trust—an entity that had nothing to do with the claims at issue in this litigation.

With regard to Musk Trust, Plaintiffs' sole allegations are simply that it holds Musk's Tesla shares.  *Id.* ¶ 26.  With regard to Musk in his capacity as Musk Trust's trustee, Plaintiffs allege that he is its sole trustee.  *Id.*  That's it.  Otherwise, all of Plaintiffs' references in the Amended Complaint to Musk Trust are allegations about *Musk as an individual*—i.e., that he purportedly took the alleged actions to benefit himself *personally* by increasing the value of Tesla shares that Musk Trust holds.  *Id.* ¶¶ 29, 32, 41, 43-44, 74.  That's like suing a bank because it's where a defendant deposited his money.  There is not a single substantive allegation related to Musk in his capacity as trustee of Musk Trust, and certainly no allegations that Musk Trust participated in or had any involvement whatsoever in manufacturing, advertising, or selling Tesla vehicles (because it did not and does not).  Musk Trust has been named here to harass Musk and to frivolously attempt to avoid applicable law.  Plaintiffs' claims against it should be dismissed for the reasons stated below.

## I.   THE COURT SHOULD DISMISS ALL CLAIMS AGAINST MUSK TRUST FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(2)

A defendant may move to dismiss for lack of personal jurisdiction under Fed. R. Civ. P.  12(b)(2).  When a defendant challenges jurisdiction, plaintiffs bear the burden of proving that the court has personal jurisdiction over the defendant.  *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008) (quoting *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290

F.3d 42, 50 (1st Cir. 2002)).  The prima facie standard governs when a court does not hold an evidentiary hearing and the court may "consider only whether the plaintiff[s] ha[ve] proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction."  *Id.* at 51 (citation omitted).  The court must only take plaintiffs' ***properly*** documented evidentiary proffers as true and accept a defendant's uncontradicted proffers.  *See, e.g.*, *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006).

Despite bearing the burden, Plaintiffs do not even attempt to plead personal jurisdiction over Musk in his capacity as trustee of Musk Trust, and for good reason:  they can't.  Musk Trust is neither at home in Massachusetts, nor does it have sufficient minimum contacts here otherwise permitting this Court to exercise jurisdiction over it.  This is fatal to Plaintiffs' claims because "it is necessary to determine jurisdiction as to the party in each capacity he or she is being sued." *Steego Corp. v. Ravenal*, 830 F. Supp. 42, 50 (D. Mass. 1993) (declining to exercise jurisdiction over a foundation when plaintiffs did not argue that the court had "personal jurisdiction over [the trustee] in his capacity as trustee" but merely relied on the fact that the trustee was "already before the court" in his personal capacity).  Accordingly, the Court must dismiss Defendant Musk Trust from this case.

### A.    The Court Lacks General Jurisdiction Over Musk Trust

Plaintiffs do not even attempt to plead that this Court has general jurisdiction, and it does not.  A court has general jurisdiction over a defendant only when the defendant's contacts with the forum state were "so 'continuous and systematic' as to render the [defendant] essentially at home in the forum State."  *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 317 (1945)).  The Supreme Court has made clear that an individual defendant is "at home" where he or she is domiciled, and a business is "at home" in the state of its incorporation or its principal place of business.  *Id.* at 924.

Suits against a trust are brought against the trustee but only in the trustee's *representative capacity*.  Restatement (Third) of Trusts § 105 (2012) ("A third party may assert a claim against a trust for a liability incurred in trust administration by proceeding against the trustee in the trustee's representative capacity . . . .").  Jurisdictional analysis in *in personam* actions against a trust looks to the trustee's place of domicile.  *C.f. BRT Mgmt., LLC v. Malden Storage, LLC*, 2023 WL 8719961, at *12 (D. Mass. Dec. 18, 2023) (explaining that for purposes of diversity jurisdiction the citizenship of a trust is generally "based only on the citizenship of its trustee").  Here, it is apparent from Plaintiffs' own allegations that they cannot meet this jurisdictional requirement.  Indeed, Plaintiffs allege that Musk is Musk Trust's "sole trustee."  Am. Compl. ¶ 26.  They further allege that Musk is a citizen and resident of **Texas**.  *Id.* ¶ 25.  Thus, Musk Trust is not at home in Massachusetts.

### B.     The Court Also Lacks Specific Jurisdiction Over Musk Trust

The Court also lacks specific jurisdiction over Musk Trust.  For this Court to exercise specific jurisdiction over Musk Trust, Plaintiffs must show that the exercise of jurisdiction would satisfy "the requirements of both the Massachusetts long-arm statute and the Due Process Clause of the Fourteenth Amendment."  *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016) (citation omitted).  Plaintiffs cannot make either showing.

### 1.     Plaintiffs Cannot Meet the Requirements of the Massachusetts Long Arm Statute

Massachusetts' long arm statute permits a court to exercise personal jurisdiction arising, among other things, from a person:

(a)     transacting any business in this commonwealth;
(b)     contracting to supply services or things in this commonwealth;
(c)     causing tortious injury by an act or omission in this commonwealth;
(d)     causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in

> any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
>
> (e)  having an interest in, using or possessing real property in this commonwealth[.]

M.G.L. c. 223A § 3(a-e).  Plaintiffs' Amended Complaint fatally lacks allegations supporting ***any*** basis for applying the Commonwealth's long arm statute to Musk Trust.

Plaintiffs' sole jurisdictional allegation is that "Musk's and his trust's unlawful conduct were directed to and were intended to deceive Massachusetts consumers." Am. Compl. ¶ 29.  But Plaintiffs do not allege any facts showing that Must Trust engaged in any such activity.  Plaintiffs do not allege that Musk Trust transacted business in Massachusetts, supplied services in Massachusetts, has an interest in any property in the Commonwealth, or caused Plaintiffs tortious injury in Massachusetts.  Nor do they plead that Musk did any of these things in his capacity as its Trustee.  Indeed, as discussed in Section II *infra*, in each claim they bring against both Musk and Musk Trust, Plaintiffs do not plead that *Musk Trust* engaged in the allegedly actionable conduct— they only plead that against Musk as an individual.  *E.g.*, Am. Compl. ¶ 151, 167, 182, 196-97, 215-16, 231, 244, 255-56, 265, 278, 319, 332, 344.  The Court should therefore dismiss Musk Trust on these grounds alone and need not proceed further in the jurisdictional analysis.

### 2.   Plaintiffs Cannot Meet the Requirements of the Due Process Clause

The exercise of specific personal jurisdiction must also satisfy the Due Process Clause of the Fourteenth Amendment, which requires a court to evaluate:

> (1) whether the claim directly arises out of, or relates to, the defendant's forum state activities; (2) whether the defendant's in-state contacts represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable, and (3) whether the exercise of jurisdiction is reasonable.

*A Corp.,* 812 F.3d at 59 (citation omitted) (cleaned up).

***First***, Plaintiffs include no substantive allegations concerning Musk Trust's activities. They claim only that Musk Trust holds Musk's Tesla shares.  Am. Compl. ¶ 26.  Nowhere do they allege that this involves ***any contacts*** with the Commonwealth.  Nor do they connect this ***contactless activity*** to the claims in this case.  Plaintiffs have outright failed to meet the requirements of the first prong of the personal jurisdiction test.

***Second***, Plaintiffs' failure to allege in-state contacts is fatal to the second prong of the constitutional analysis because, without such contacts, Plaintiffs cannot show purposeful availment or foreseeability.  And Plaintiffs cannot remedy this by pointing to their allegations about *Musk's* activities as an individual.  ***The relevant contacts are*** <u>***each***</u> ***Defendant's "own contacts"***—not the contacts of *another* defendant, or Tesla.  *See Beck v. Vision Serv. Plan Ins. Co.*, 600 F. Supp. 3d 145, 152 (D. Mass. 2021) (emphasis added); *see also Get in Shape Franchise, Inc. v. TFL Fishers, LLC*, 167 F. Supp. 3d 173, 194 (D. Mass. 2016) ("The doctrine of pendent personal jurisdiction allows a court to exercise personal jurisdiction over additional claims against a single defendant, not over additional defendants.").  For a trustee of a trust, the analysis requires looking at the trustee's contacts in administration of the trust.  *See Hanson v. Denckla*, 357 U.S. 235, 251-52 (1958).  There are ***no allegations***—zero—concerning Musk's activities as trustee of the Musk Trust that indicate any in-forum contacts with Massachusetts.  His mere presence in the case as a co-defendant in his individual capacity does not create any jurisdictional contacts for Musk Trust.  *See Steego Corp.*, 830 F. Supp. at 50.

***Third***, the court need not consider the "gestalt" reasonableness factors related to the third prong because Plaintiffs have failed to satisfy the first two prongs.  *Sawtelle v. Farrell*, 70 F.3d 1381, 1394 (1st Cir. 1995).  However, there can be no doubt that asserting jurisdiction over Musk Trust also runs afoul of the gestalt factors, which are:

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

*United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992). Plaintiffs have not pled that Musk Trust has ***any contacts*** in Massachusetts, or any contacts related to the alleged fraud that forms the basis of Plaintiffs' claims—giving Massachusetts ***no interest*** in adjudicating this dispute against this entity. Musk Trust has been brought into this action to harass Musk, not in furtherance of Plaintiffs' interest in convenient and effective relief. Musk Trust's trustee is a citizen of Texas, not Massachusetts, Am. Compl. ¶¶ 25-26, who would be burdened by having to appear here. And the dispute at issue clearly can be resolved without Musk Trust, who has nothing to do with it. Accordingly, all claims against Musk Trust must be dismissed for lack of personal jurisdiction.

## II.    THE COURT SHOULD DISMISS ANY REMAINING CLAIMS AGAINST DEFENDANT MUSK TRUST UNDER RULE 12(B)(6)

To survive dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires "more than labels and conclusions, and a formulaic recitation of the elements . . . will not do." *Id.* at 555. The court must disregard "bald assertions, unsupportable conclusions, and opprobrious epithets." *In re Citigroup, Inc.*, 535 F.3d 45, 52 (1st Cir. 2008) (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Amended Complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief'" under Fed. R. Civ. P. 8(a). *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009) (alterations in original) (citation omitted).

When "alleging fraud," a complaint is subject to heightened pleading standards and "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). The plaintiff must "allege with particularity the who, what, when, where, and how of the fraud." *D'Agostino v. ev3, Inc.*, 845 F.3d 1, 10 (1st Cir. 2016) (affirming dismissal). These same particularity requirements "cover associated claims where the core allegations effectively charge fraud." *N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 15 (1st Cir. 2009).

### A.        Plaintiffs Have Failed to Allege **Any** Plausible Claim Against Musk Trust

Although the Court should dismiss all claims against Musk Trust due to lack of personal jurisdiction, *see* Section I *supra*, alternatively, the Court should dismiss the claims against this entity through its trustee because Plaintiffs have not even attempted to state a plausible claim.

Plaintiffs bring thirteen state consumer protection claims against Musk Trust (Counts I-X, XIV-XVI).[1] These state consumer protection statutes share two essential elements—they require Plaintiffs to plead facts to plausibly show that each defendant (1) engaged in unfair or deceptive acts or methods of competition, (2) while engaging in trade or commerce, or, in the case of New Jersey, the sale of merchandise.[2] Nevertheless, the ***Plaintiffs entirely failed to make even the***

---

[1]  Plaintiffs do not bring the California statutory (Counts XI, XII, and XIII), fraud (Count XVII), or unjust enrichment (Count XVIII) claims against Musk Trust.

[2]  M.G.L. c. 93A, § 2(a) (Mass. – Count I & II) ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."); N.H. Rev. Stat. § 358-A:2 (N.H. – Count III) ("It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state."); Me. Rev. Stat. tit. 5, § 207 (Me. – Count VI) ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful."); Fla. Stat. § 501.204(1) (Fla. – Count V) ("Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."); 815 Ill. Comp. Stat. 505/2 (Ill. – Count VI) ("Unfair methods of competition and unfair or deceptive acts or practices . . . in the conduct of any trade or commerce are hereby declared unlawful . . . ."); N.Y. Gen. Bus. Law § 349(a) (N.Y. – Count VII) ("Deceptive acts or practices in the conduct of any business, trade or commerce . . . in this state are hereby declared unlawful."); N.Y. Gen. Bus. Law § 350 (N.Y. – Count VIII) ("False advertising in the conduct of any business, trade or commerce . . . in this state is hereby declared unlawful."); 73 Pa. Stat. § 201-3(a) (Pa. – Count IX) ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . are hereby declared unlawful."); Wash. Rev. Code § 19.86.020 (Wash. – Count XIV) ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."); Ky. Rev. Stat. § 367.170(1) (Ky. – Count XV) ("Unfair, false, misleading, or deceptive acts or

**_most basic allegations as to Musk Trust_**:  they do not allege that Musk Trust or its trustee, in his capacity as trustee, engaged in any unfair or deceptive acts or practices, let alone while engaged in trade or commerce (or the sale of merchandise in New Jersey).  The claims therefore should be dismissed with prejudice based on this independent ground.

_**First**_, each of these consumer protection statutes requires that the defendant have engaged in unfair or deceptive conduct.  Plaintiffs do not plead any such conduct by Musk Trust, period.  The only allegation in the Amended Complaint concerning Musk Trust is that Musk Trust holds Musk's Tesla shares.  Am. Compl. ¶ 26.  This is insufficient to plausibly state—with or without particularity—any claim against Musk Trust.

In each of their consumer protection counts, Plaintiffs' own pleading reveals the insufficiency of their claims.  All they can and do allege is that "_Musk_ engaged in unfair and deceptive acts."  _Id._ ¶ 151.  But this, combined with Plaintiffs conclusory allegation that _Musk_ individually engaged in the purported fraud to "enrich" Musk Trust, is of no avail.  _Id._ ¶¶ 29, 32, 41, 43-44, 74.  This is particularly so given that it is black letter law that claims sounding in fraud must be pled with particularity.  _Cardinale_, 567 F.3d at 15.[3]  "If, as is the case here, 'the Amended Complaint involves multiple defendants, then "each defendant's role must be particularized with respect to their alleged involvement in the fraud."'"  _Metro. Prop. & Cas. Ins. Co. v. Savin Hill Family Chiropractic_, 2016 WL 11004383, at *3 (D. Mass. June 15, 2016) (quoting _Rhone v._

---

practices in the conduct of any trade or commerce are hereby declared unlawful.");  Mich. Comp. Laws § 445.903(1) (Mich. – Count XVI) ("Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful . . . .");  _see also_ N.J. Stat. § 56:8-2 (N.J. – Count X) ("The act, use or employment . . . of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact . . . in connection with the sale or advertisement of any merchandise . . . is declared to be an unlawful practice . . . .").

[3]  The consumer protection statutes generally require plaintiffs to plead with particularity when their claims sound in fraud, _e.g., Mulder v. Kohl's Dep't Stores, Inc._, 865 F.3d 17, 21-22 (1st Cir. 2017), except for the New York statutes (Counts VII & VIII).  Plaintiffs' allegations are insufficient regardless of whether the Court applies a heightened pleading standard.

*Energy N., Inc.*, 790 F. Supp. 353, 361 (D. Mass. 1991)).  Plaintiffs do not plead any role or involvement by Musk Trust or Musk *as its trustee* that concerns the purportedly fraudulent activities they allege, let alone with the requisite particularity.

**_Second_**, the consumer protection statutes require not only wrongful conduct, but also a nexus between the conduct and a defendant's activities in trade and commerce.  Plaintiffs further fail to plead that Musk Trust was an entity involved in trade and commerce, therefore entirely failing to satisfy this second element and its nexus requirement.  Trade and commerce generally involves "the advertising, the offering for sale, rent or lease, the sale, rent, lease or distribution of any services and any property . . . or thing of value . . . ."  *E.g.*, M.G.L. c. 93A, § 1(b) (Mass. – Count I & II).[4]

Plaintiffs do allege that Musk Trust "w[as] engaged in trade or commerce," as required.  Am. Compl. ¶¶ 150, 166, 180, 194, 213, 229, 241, 254, 264, 317, 331, 343; *see also id.* ¶ 276 ("engaged in the sale of merchandise").  But they allege no underlying facts to support their "formulaic recitation of . . . [the] elements."  *Twombly*, 550 U.S. at 555.  Indeed, the threadbare

---

[4]  N.H. Rev. Stat. § 358-A:1(II) (N.H. – Count III) ("[T]he advertising, offering for sale, sale, or distribution of any services and any property . . . or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this state."); Me. Rev. Stat. tit. 5, § 206(3) (Me. – Count VI) ("[T]he advertising, offering for sale, sale or distribution of any services and any property . . . or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this State."); Fla. Stat. § 501.203(8) (Fla. – Count V) ("[T]he advertising, soliciting, providing, offering, or distributing . . . any good or service, or any property . . . or thing of value, wherever situated."); 815 Ill. Comp. Stat. 505/1(f) (Ill. – Count VI) ("[T]he advertising, offering for sale, sale, or distribution of any services and any property . . . or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State."); 73 Pa. Stat. § 201-2(3) (Pa. – Count IX) ("[T]he advertising, offering for sale, sale or distribution of any services and any property. . . or thing of value wherever situate, and includes any trade or commerce directly or indirectly affecting the people of this Commonwealth."); Wash. Rev. Code § 19.86.010(2) (Wash. – Count XIV) ("[T]he sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington."); Ky. Rev. Stat. § 367.110(2) (Ky. – Count XV) ("[T]he advertising, offering for sale, or distribution of any services and any property . . . or thing of value, and shall include any trade or commerce directly or indirectly affecting the people of this Commonwealth."); Mich. Comp. Laws § 445.902(1)(g) (Mich. – Count XVI) ("[T]he conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property, tangible or intangible, real, personal, or mixed, or any other article, or a business opportunity."); *see also* N.J. Stat. § 56:8-1(c) (N.J. – Count X) ("'[M]erchandise' shall include any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale.").

allegations that Plaintiffs made about Musk Trust and Musk as its trustee, Am. Compl. ¶ 26, do not come close to offering the necessary facts to plausibly show that the entity is engaged in trade or commerce, or the sale of merchandise for New Jersey.  Accordingly, the Court should reject Plaintiffs' "[t]hreadbare recitals," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and dismiss all claims against this entity with prejudice.

***

Defendant Musk, in his individual capacity, also raises preemption and standing arguments in his Motion to Dismiss and accompanying memorandum of law, which Musk Trust incorporates herein by reference.  If the Court declines to dismiss the claims against Musk Trust on the grounds requested above, Musk Trust respectfully requests that the Court dismiss the claims against it— which concern EPA estimates—as ***preempted*** and/or because Plaintiffs lack standing to assert them.

**CONCLUSION**

Plaintiffs failed to allege that this Court has jurisdiction over Defendant Musk Trust and further failed to state a claim against it.  The Court should therefore dismiss Musk Trust from this action pursuant to Fed. R. Civ. P. 12(b)(2) and/or 12(b)(6).[5]

---

[5]   There was no good faith basis to bring these claims against Musk Trust in the first place.  Musk Trust therefore reserve the right to bring a Rule 11 motion against Plaintiffs if they persist in pursuing in these frivolous claims against Musk Trust, or attempt to again amend their pleadings and continue to name Musk Trust in any such revised pleading without basis.

Respectfully submitted,

Date: September 30, 2024

/s/ *Aliki Sofis*
Aliki Sofis (BBO# 675777)
Eric D. Wolkoff (BBO# 679566)
Matthew Mazzotta (BBO# 679230)
Marla L. Blum (BBO# 708966)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
Fax: (617) 712-7200
alikisofis@quinnemanuel.com
ericwolkoff@quinnemanuel.com
matthewmazzotta@quinnemanuel.com
marlablum@quinnemanuel.com

/s/ *Alex Spiro*
Alex Spiro (admitted *pro hac vice*)
Jesse Bernstein (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100
alexspiro@quinnemanuel.com
jessebernstein@quinnemanuel.com

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was filed on September 30, 2024, through the ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  September 30, 2024

/s/   *Aliki Sofis*
Aliki Sofis