UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRIS WATKINS, ERIC DAY, GLOBAL LEASE GROUP INC., PRUDHVI SAMUDRALA, WILLIAM WILSON, KAREN KYUTUKYAN, RAJEEV TALREJA, GIORGIO PETRUZZIELLO, DREW TALREJA, KRIS NATHAN, EDUARD CHENETTE, WALID YASSIR, and VARSHA LUTHRA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELON R. MUSK, individually and in his capacity as Trustee of the ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003,<br><br>Defendants. | Civil Action<br>No. 24-cv-11384-PBS |

**ORDER**

October 20, 2025

Saris, J.

On June 12, 2025, the Court entered an order compelling Plaintiffs to arbitrate their claims in this lawsuit against Defendant Elon R. Musk in his individual capacity and staying those claims pending arbitration. See Watkins v. Musk, 786 F. Supp. 3d 337, 358 (D. Mass. 2025). Plaintiffs now request reconsideration of the stay, asking the Court to instead dismiss the claims subject to arbitration.

1

The First Circuit has long given district courts discretion to either stay or dismiss an action in which all of the claims are arbitrable.[1] See Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 372 (1st Cir. 2011); Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156 n.21 (1st Cir. 1998). In Smith v. Spizzirri, however, the Supreme Court held that § 3 of the Federal Arbitration Act ("FAA") does not "permit[] a court to dismiss the case instead of issuing a stay when the dispute is subject to arbitration and a party requests a stay pending arbitration." 601 U.S. 472, 474 (2024); see 9 U.S.C. § 3 (providing that when a court determines that a pending dispute is subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement").

The Supreme Court explained that this rule follows not only from § 3's plain language but also from "the FAA's structure and purpose." Spizzirri, 601 U.S. at 477. Dismissing a suit after compelling arbitration would "trigger[] the right to an immediate appeal where Congress sought to forbid such an appeal" and to move the parties promptly into arbitration. Id. at 478; see 9 U.S.C.

---

[1] Musk did not move to compel arbitration for the claims brought against him in his capacity as trustee of his personal revocable trust. The Court held that those claims were subject to dismissal for lack of personal jurisdiction. See Watkins, 786 F. Supp. 3d at 358.

§ 16(b) (barring appeals from interlocutory orders compelling arbitration "[e]xcept as otherwise provided in [28 U.S.C. § 1292(b)]"). Moreover, a stay allows the parties both to "return to federal court if arbitration breaks down or fails to resolve the dispute" and to invoke the "procedural protections" that the FAA provides for parties in arbitration. Spizzirri, 601 U.S. at 477-78.

As this Court explained in its opinion allowing Musk's motion to compel arbitration, neither party's briefing on the motion addressed whether the Court should stay or dismiss the claims subject to arbitration. See Watkins, 786 F. Supp. 3d at 355 & n.7. Since neither party requested a stay, Spizzirri's holding requiring a stay rather than dismissal arguably did not apply. See Sánchez v. Kalanick, No. 24-1535, 2025 WL 1009044, at *1 n.1 (1st Cir. Jan. 13, 2025) (distinguishing Spizzirri on the basis that the plaintiff did not "request[] a stay prior to the district court's judgment of dismissal"). But Plaintiffs' argument that the Court had to dismiss the case in the absence of a request for a stay is unpersuasive, especially since Plaintiffs did not even ask for that outcome. Section 3 of the FAA "empowers an inquiring court to stay a judicial proceeding," Escobar-Noble v. Luxury Hotels Int'l of P.R., Inc., 680 F.3d 118, 121 (1st Cir. 2012), and, in any event, district courts have inherent authority to stay pending cases, see Ryan v. Gonzales, 568 U.S. 57, 73-74 (2013);

3

Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004). As neither party indicated a preference between a stay and dismissal, the Court examined Spizzirri's discussion of the policies favoring stays in this context. See Watkins, 786 F. Supp. 3d at 355. Given these policies, the Court decided as a matter of discretion to stay the claims subject to arbitration. See id.

Plaintiffs now argue that the interests of justice counsel in favor of dismissal rather than a stay. The Court need not address this argument because Musk's opposition to Plaintiffs' motion for reconsideration now expressly asks for a stay of the claims subject to arbitration. Plaintiffs posit that Musk's request for a stay is untimely, but § 3 merely states that "the court in which [a] suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . , shall on application of one of the parties stay the trial of the action." 9 U.S.C. § 3. This provision's requirements are satisfied: this action remains pending before the Court, the Court has found Plaintiffs' claims to be subject to arbitration, and Musk has requested a stay. The request for a stay need not come in the form of a separate motion. See Spizzirri, 601 U.S. at 474 (directing courts to ask only whether "a party requests a stay pending arbitration" and indicating that plaintiffs properly did so in their opposition to a motion to compel arbitration and to dismiss

4

the suit). The Court therefore denies Plaintiffs' motion for reconsideration.

Alternatively, Plaintiffs seek certification of the Court's order compelling arbitration for interlocutory appeal under 28 U.S.C. § 1292(b). This statute authorizes a district court to permit an interlocutory appeal from "an order (1) 'involv[ing] a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion,' and (3) for which 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (alteration in original) (quoting 28 U.S.C. § 1292(b)). The power to certify interlocutory appeals under this provision "should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." Id. (quoting Palandjian v. Pahlavi, 782 F.2d 313, 314 (1st Cir. 1986) (per curiam)).

In this case, certification under § 1292(b) is not warranted because an immediate appeal is unlikely to materially advance the resolution of the litigation. The Court held that Musk could enforce Tesla's arbitration agreements with Plaintiffs on two independent bases: 1) as an "affiliate" of Tesla covered by the agreements and 2) under an agency theory. See Watkins, 786 F. Supp. 3d at 351. Musk's right to compel arbitration under an agency

5

theory arguably presents a question as to which there is substantial ground for difference of opinion. For Plaintiffs to avoid arbitration, however, they would have to demonstrate on appeal that both of the Court's reasons for compelling arbitration were erroneous. In the Court's view, the issue of whether Musk is an "affiliate" of Tesla entitled to invoke the arbitration agreements is straightforward, and the First Circuit is likely to uphold this basis for allowing Musk to compel arbitration. Because an appeal is unlikely to change the bottom line that the parties are required to arbitrate the claims in this lawsuit, the Court declines to certify an interlocutory appeal under § 1292(b). Cf. In re MF Glob. Holdings Ltd., 296 F. Supp. 3d 662, 666 (S.D.N.Y. 2017) (holding that an interlocutory appeal of an order compelling arbitration would not materially advance the termination of the litigation because the defendant raised alternative, nonfrivolous arguments in support of compelling arbitration); In re Zofran (Ondansetron) Prods. Liab. Litig., 235 F. Supp. 3d 317, 320 (D. Mass. 2017) (similar for order denying motion to remand).

Accordingly, Plaintiffs' motion for reconsideration or an order certifying an interlocutory appeal under 28 U.S.C. § 1292(b) (Dkt. 80) is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge